## Charles W. Stange v. Milo Clemens et al.

*Declaration, when sufficient: Cause of action: Evidence: Presumption.* When a declaration contains in substance a cause of action, and to which the general issue is pleaded, the court will, after judgment, presume that all inaccuracies and defects in the plaintiff's statement of his cause of action were supplied by proof upon the trial.

*Declaration: Contract: Surplusage.* Where a declaration set forth that a party " agreed to deliver to another 15,000 cubic feet of stone, more or less, for 55 cents per cubic foot (at the rate of 6,000 cubic feet every month) for all stone delivered pursuant to the contract, and that the two first loads should be paid for upon delivery, and that the amount thereafter delivered in any month should be paid for at the end of the same month; and also that defendant should pay for the same in the manner that he should get payment under another contract for the City Hall," but without setting forth or describing said contract: *held,* that the declaration sufficiently set forth an agreement for at least 6,000 feet, and that it will be presumed after judgment that the delivery of that quantity was proven on the trial.

*Held further,* That the mode of payment was sufficiently explicit, and that the reference to the time of payment on the City Hall contract was mere surplusage.

*Heard October 16th and 17th.    Decided October 20th.*

Error to Wayne Circuit.

This was an action of assumpsit brought to recover damages for the breach of a contract.

The declaration is as follows:

"For that heretofore, to wit: At the City of Detroit, in said county and state, on the 22d day of May, A. D, 1867, the said plaintiffs entered into a contract, or agreement in writing, to and with the said defendant, to deliver fifteen thousand cubic feet of block limestone, more or less, at the dock situated at the foot of Rivard street, Detroit, in said State of Michigan, at the rate of not less than six thousand cubic feet each and every month, from and after the date of the delivery of the bill, bills, or specifications as below, until the whole amount was delivered, at fifty - five cents per cubic foot, to be delivered, measured, and marked with paint, and according to the bill or bills and specifications to be furnished by the defendant to the plaintiffs. And that, in consideration of the above, the defendant agreed, to and with the plaintiffs, to receive and unload the stone above described, at the place, in the manner, and in amount more or less, as above set forth; and agreed to pay the sum of fifty - five cents for each and every cubic foot thereof, when delivered in manner and form specified, and payable as follows, viz: The amount in full and in cash, at the rate aforesaid, for the first two loads of stone, when so delivered, and the balance each and every month, at the end thereof, of so much stone that may have been delivered during the same; in the same manner as said Charles Stange, defendant herein, could get payments from the City of Detroit, under a certain contract for work, labor and materials provided for the new City Hall of said city ( so called ). The freight, however, upon the said stone, to be paid by the defendant, on each and every arrival of stone. That in pursuance of the said contract and agreement, the plaintiff did proceed to deliver fifteen thousand cubic feet of block limestone, more or less, to the defendant, at the

dock situated at the foot of Rivard street, Detroit City, in said county and state, and at the rate of not less than six thousand cubic feet each and every month, from and after receiving the said bill, bills or specifications, as aforesaid, from the defendant, and the 'said stone being delivered, measured, and marked with paint, according to bill or bills or specifications furnished as aforesaid. But that the said defendant then refused, and has at all times refused, and still does refuse, etc. By means whereof the defendant has become liable to pay the plaintiff, etc."

To which the common counts were added. The defendant pleaded the general issue.

Judgment was rendered in favor of plaintiff.

The following errors were assigned:

"*First:* The first count of said amended declaration is uncertain and insufficient, by reason of the use of the words "more or less" therein.

*Second:* Said first count of said amended declaration is defective, uncertain and insufficient, in not setting out how the said Stange was to "get payment from the City of Detroit, under a certain contract for work, labor and materials furnished for the new City Hall, of said city of Detroit," upon which the liability of said Stange was to depend.

*Third:* Said first count of said amended declaration is uncertain, and insufficient, in not setting out the terms or the legal effect of said alleged contract for work, labor, and materials for said new City Hall.

*Fourth:* Said first count of said amended declaration is uncertain and insufficient, in not setting out what were the "bill, bills, or specifications," stated and referred to therein.

*Fifth:* Said first count of said amended declaration does not set forth a state of facts which renders the plaintiff in error liable in law, and is otherwise informal and insufficient.

*Sixth:* Said first count does not contain the allegation of a promise or undertaking by the defendant sufficient to sustain the action thereon.

*Seventh:* The judgment in said cause being general upon the whole declaration and for other reasons is bad, and is not sufficient in form or substance."

*Levi Bishop,* for plaintiff in error.

1. The first count of the declaration is bad. To agree to deliver a quantity, more or less, of stone does not constitute a binding obligation. It is void for uncertainty. While one party might claim that the quantity should be more, the other might claim that it should be much less, and between such adverse claims the alleged written agreement would not fix with certainty the legal rights of the parties. The measure which the parties have named is an uncertain one, and there is no averment in the declaration, which, being sustained by proof, could supply the defect.

2. The defendant, it seems from the averments, was to pay the plaintiffs in the same manner that he should get his pay " under a certain contract," which he had for work to be done on the new City Hall in Detroit. How was that? What was the assumpsit? What was the undertaking of the defendant? Here the very gist of the action is left a complete blank. We are charged with having broken an agreement, but we are not told what the promise or agreement was. Of course, it will not be forgotten that the plaintiff must set forth a cause of action in his declaration.

Not only have the plaintiffs not set out how the defendant should or was to get his pay from the city, but they have not even stated how he in fact got it, or whether he ever got it at all; so that the declaration is bad in the two most material averments upon which a liability on the part of the defendant could arise.

3. The contract of the defendant with the city for building the new City Hall, referred to in the declaration, was as much a part of the alleged agreement between the plaintiffs and defendant, as was the latter agreement itself; and it could, in pleading, be no more passed over, as is done in this declaration, than could a material part of the latter agreement. The court can not see whether it is a binding obligation or not, or whether it gives the plaintiffs a right to recover. The plaintiff must always, in his pleading, show a good cause of action, or he must fail.

6. The common counts are added to the count complained of, but the judgment being general on the whole declaration, and the special count being bad, the judgment must be reversed under the familiar rule in such cases.

Where there are several counts in a declaration, and a general verdict is rendered on them all, the judgment must also be entire, in which case, if one of the counts be insufficient, judgment will be arrested, or a writ of error be sustainable, and the judgment will be arrested *in toto*, and no *venire de novo* will be awarded.—*1 Chitty's Pl. 411.*

*H. M. & W. E. Cheever*, and *S. Larned*, for defendant in in error.

1. The first assignment of Error is based upon the use of the words "more or less," in the first count of the declaration; and it is insisted that the use of these words renders that count "uncertain, and insufficient."

These words occur three times, each time in connection with the quantity of limestone to be delivered. While under certain circumstances the words may be material, when from the context they are necessary to fix and accurately determine a quantity — as where A sold B all the goods in a certain store, being one thousand pounds of sugar, more or less, — we submit in the connection in which they are used in this declaration, they are surplusage.

2. . The second assignment is, that the failure to allege "how Stange was to get payment from the City of Detroit" upon his contract, etc., renders the count "uncertain and insufficient." A simple reference to the language of the declaration will refute this. The count alleges fully and definitely the time and manner of payment by plaintiff in error to defendants in error, and then adds an immaterial averment that such payments are similar to those received by plaintiff in error, of the City of Detroit, on another contract. Such reference was entirely unnecessary to explain the contract sued on. Its terms were complete and perfect in themselves, and fully set forth in the declaration.

It is sufficient in pleading, to allege what will constitute a good cause of action or defense. All beyond this is surplusage.—*2 Doug. 359.*

3. The third assignment is based upon a failure to set out the "terms or legal effect of said contract between Stange and the City of Detroit." Our reasoning in reply to the second assignment of error applies equally to this.

All surplusage and ambiguity is cured by verdict.—*5 Blackf. 443; 1 Harr. 133; 13 Vt. 68; Walker, Ch. 349.*

4. The seventh and last assignment of error is, that the "judgment being general upon the whole declaration (and for other reasons) is bad, and is not sufficient in form or substance."

Rejecting the allegation which we have placed in a parenthesis, as too general to be noticed by the court under rule 12, we insist the balance of this assignment is too general, in not specially alleging which of the several counts is bad, so as to vitiate the judgment.—*See Rule 12.*

But if the assignment was special so as to come within the rule, we submit that if, from the issue joined it appears that evidence was necessary to establish the facts alleged in the declaration, though defectively alleged, it will be presumed after verdict that such evidence was given.—*7 B. Monroe, 326; 6 Id. 379; 10 Shep. 384; 2 Sneed, 165; 10 Vt.*

*565; 16 Conn. 579; 7 Mis. 314; 35 N. H. 357; 2 Gilman, 307; 7 Mich. 468; 6 Whart. 547; 7 Barr. 271.*

So also, if the declaration, though not strictly formal, set forth a substantial cause of action, and the defect is one which might have been remedied by amendment, in the court below, it is sufficient after verdict.— *4 Allen, 141; 10 Ohio (N. S.) 488; 34 Penn. St. 324.*

So if enough appear upon the face of the declaration to show plaintiff had a good cause of action, all defects will be regarded as cured by verdict.— *14 Ark. 208; 2 Strobh. 32; 7 Barr. 293.*

It is entirely unnecessary, however, to refer to these authorities, or to inquire whether the count, if demurred to, could have been sustained. Under our statute and the decision of this court, it will be held sufficient after verdict. "The court will look at the issue actually made, and see if it can be fairly presumed that evidence necessary to establish a case has been given under it, and, if so, the court is to make that presumption and sustain the verdict."— *13 Mich. 214; C. L. § 4419.*

GRAVES J.

The defendants in error brought assumpsit in the court below against Stange, and, in their declaration, joined with the common counts a special count upon an alleged contract in writing between the parties for the sale and delivery of a quantity of stone to the plaintiff in error.

The case was tried on the general issue before the court without a jury, and the defendants in error obtained a general judgment for $1,923.61

Stange now brings error, and alleges that the special count in the declaration was fatally defective for want of certainty, and that the facts actually set forth in it were not such as to constitute a cause of action. Upon inspection, the count complained of, appears to have been quite

inartificially drawn, but we think the objections brought against it can not be maintained. That a special demurrer in the court below might have been interposed with success, is altogether probable, but the points submitted in the present posture of the case present very different questions.

If the declaration had been demurred to, the plaintiffs might have amended and in that way have cured the deficiencies and imperfections in the pleading.

However, the plaintiff in error did not think proper to raise the objections in the court below, but he joined an issue of fact upon the declaration as it stood, and went to trial upon it, and was defeated.

In such cases it is the policy of the law to sustain the judgment against all formal errors and defects in the record, and to presume that all inaccuracies and defects in the plaintiff's statement of his cause of action were supplied by proof upon the trial, if in substance a cause of action was really stated.

It is claimed, on the part of the plaintiff in error, that by the agreement, as stated in the special count, the defendants in error were to deliver, and the plaintiff in error to accept and pay for, fifteen thousand cubic feet of stone, "more or less," and that such an engagement would be void for uncertainty.

Without pausing to consider whether this would be so or not, if the agreement as set forth was open to the construction put upon it, we are satisfied that the contract, as it stands in the count, required the defendants in error to deliver, and the plaintiff in error to accept and pay for, at least six thousand cubic feet, and while it does not appear that more were delivered, it is evident that the court below must have found that quantity at least to have been delivered.

Upon no other supposition could the finding be supported unless it should be claimed that the judgment was based upon the common counts. But that ground could

17 Mich. — B2.

not be taken, as it would admit that no recovery was had on the only count alleged to be invalid; and such admission would remove the only reason for the rule which makes a general verdict bad if a single count in the declaration is fatally erroneous.

By the contract, as set forth, the defendants in error agreed to deliver fifteen thousand cubic feet, more or less, for fifty-five cents per cubic foot, at the rate of six thousand cubic feet each and every month until the whole amount should be delivered, and the plaintiff in error agreed to accept accordingly. This constituted a certain agreement for at least six thousand feet, and it is necessarily to be presumed as already intimated that the delivery of that quantity according to the agreement was proved upon the trial.

It is further urged by the plaintiff in error that it appears from the special count that he was to pay in the same manner as he could get payments under a certain contract for work to be done on the new City Hall, in Detroit, and that the omission to set that contract forth in terms, or according to its legal effect was a fatal defect.

On referring to the count it is seen that the contract between the parties as therein stated, expressly provided that the plaintiff in error should pay at the rate of fifty-five cents per cubic foot, for all the stone delivered pursuant to the contract; that the two first loads should be fully paid for upon delivery, and that the amount thereafter delivered in any month should be paid for at the end of the same month.

We think the manner of payment as thus set forth, was sufficiently explicit, and that the passage added by the pleader, and commented on by the counsel for the plaintiff in error, was in no wise essential to substantiate the pleading, and was irrelevant, and immaterial.

It was mere surplusage, and might have been rejected. It can therefore furnish no foundation for an allegation of error.

The remaining objections to the record, which were pressed upon our attention, stand upon the same ground, and must be similarly answered.—*Harris v. Phillips, 4 E. L. and Eq. 344.*

We have thus noticed somewhat at length the objections made to the record in this case, and have found them untenable when tested by the principles of the common law; but we think they are likewise untenable if encountered by the provisions of the statute.—*Comp. L.* §§ *4419, 4420.*

The judgment must be affirmed, with costs.

The other Justices concurred.